## LANE et al. v. UNITED STATES. *
### No. 5870.

Circuit Court of Appeals, Fifth Circuit.
March 24, 1931.

Maury Hughes, of Dallas, Tex., and Joseph A. M'Caleb, of New Orleans, La. (T. F. Monroe, of Dallas, Tex., on the brief), for appellants.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., and E. Crippen, Asst. U. S. Atty., of Dallas, Tex.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

*Rehearing denied April 25, 1931.

FOSTER, Circuit Judge.

Appellants, J. E. Lane, C. L. Gray, and H. G. Marlowe, were convicted on four counts of an indictment, which in the first and third counts charged appellants and six other named persons with unlawful possession of intoxicating liquor; in the second charged the same parties with the maintenance of a common nuisance; and in the fourth charged all the parties named with a conspiracy to commit various offenses, including the unlawful possession and sale of intoxicating liquor for beverage purposes, in violation of the National Prohibition Act (27 USCA). A general sentence was imposed on each. Lane was sentenced to two years' imprisonment and to pay a fine of $1,000; Gray to fifteen months imprisonment and to pay a fine of $500; and Marlowe to imprisonment of one year and one day and to pay a fine of $500. Various errors insisted on run to the refusal of the court to direct a verdict of acquittal.

As the sentences do not exceed the maximum that could have been imposed on the conspiracy count, it is sufficient to briefly discuss the evidence tending to support that count. There is no doubt whatever that at two places in the city of Dallas, one known as the Park Avenue Garage and the other as the Oriental Garage, large quantities of intoxicating liquor fit for beverage purposes were discovered and seized in the execution of search warrants. The liquor was concealed in secret rooms. The garages were each equipped with three or four telephones so arranged to prevent outgoing calls but allowing the receipt of incoming calls. There was no evidence of an actual sale having been made by any of the appellants, but there was evidence tending to show that Marlowe was in charge of both garages and accepted the search warrants when presented to him; that Lane and Gray were also present when the Park Avenue Garage was raided; that Gray stated to an officer that he had had the secret room built in order to prevent hijackers from getting at the liquor; and that Lane had solicited orders for liquor to be transmitted over the telephone to a number corresponding with a phone in each garage. As the evidence generally tends to establish the existence of the conspiracy charged, the slight evidence indicated above was sufficient to go to the jury to identify appellants as members of the conspiracy, especially as it was not rebutted in any way.

The record presents no reversible error. Affirmed.